IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 13, 2005 Session

# NANCY FAYE LESTER MCDANIEL, v. HAROLD EDWARD MCDANIEL

**Direct Appeal from the Chancery Court for Washington County**
**No. 28587      Hon. G. Richard Johnson, Chancellor**

**No. E2004-02996-COA-R3-CV  - FILED AUGUST 16, 2005**

The Trial Court held appellant's retirement was not a material change of circumstances so as to enable appellant to reduce his alimony payments.  On appeal, we reverse.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

John P. Chiles, Kingsport, Tennessee, and Thomas F. Bloom, Nashville, Tennessee, for appellant.

Gene H. Tunnell, Kingsport, Tennessee, for appellee.

## OPINION

In this action the appellant asked the Trial Court to reduce his periodic alimony payments of $750.00 every two weeks to appellee, on the grounds that he had retired and his income had been substantially reduced.  The Trial Court refused to find a change of circumstances, and ordered the existing periodic alimony payments continued.

Appellant has appealed, insisting that under the authority of *Bogan v. Bogan*, 60 S.W.3d 721 (Tenn. 2001), he established a material change of circumstances which would allow a reduction in the amount of periodic alimony that he was required to pay.

The parties were divorced in September of 1993, and since that time the appellant has faithfully paid the alimony payments required to appellee.

In April of 2003, appellant retired from his job at Artica Graphics. He was a few months shy of his 62nd birthday and was beyond the company's minimum age for retirement. 2002 was the last full year appellant worked for his employer, and his total compensation for that year was $43,591.60. In the year of appellant's retirement, his total compensation from the employer was $13,631.76. Following appellant's retirement and at the time of trial, appellant was receiving $1,240.00 per month in social security benefit payments and at the time of his retirement from Artica, he received a lump sum in the amount of approximately $156,000.00, which has been invested, and it was anticipated that the investments would earn $3,000.00 or more per year.

At trial, appellant submitted income and expense statements reflecting monthly expenses of $2,300.00, $1,500.00 alimony and $850.75 of household expenses. He listed his income at $1,240.00.

Appellee filed her income and expense statement, which shows a monthly income of $2,198.00, $1,625.00 alimony and $573.00 of social security (her share of her former husband's social security benefits). Her statement reflects monthly expenses of $2,021.65.

In the husband's application for reduced alimony payments, he essentially gave as a basis, his health problems, and his inability to do his work, which necessitated his retirement. Most of the evidence at the trial revolves around this claim. At the conclusion of the proof, the Trial Court said as to this reason for retirement:

> The Court finds that this subjective, these subjective statements on the part of the movant are inadequate. They do not rise to the level of a preponderance of the evidence. This Court would have certainly appreciated a health care provider or another expert relating that, in fact, the movant does have cataracts and, in fact, these cataracts prevent him from doing his previous job and, in fact, these cataracts prevent him from working.

The Trial Court found appellant's subjective testimony not to be credible on his health condition, and we defer to the Trial Judge on this finding. However, under *Bogan* this circumstance is not the complete analysis. In *Bogan*, 60 S.W.3d 725, the Supreme Court held:

> That a bona fide retirement need only be objectively reasonable under the totality of the circumstances to constitute a substantial and material change in circumstances.

The *Bogan* Court went on to outline the analysis to determine whether a retirement was objectively reasonable. The Court instructed the Trial Court to determine whether the retirement was motivated to escape spousal support obligations; whether the employer had encouraged the employee to retire, e.g., if the employer was downsizing; whether the employee was dissatisfied with his or her job; whether the employee was eligible to retire and receive full benefits; and finally whether the employee had reached retirement age, which the Court qualified by saying that early retirements would not necessarily be unreasonable on the facts of the given case.

-2-

In this case our review is *de novo* with a presumption of correctness of the Trial Court's finding of fact, unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d).

The record does not support a finding that appellant retired to escape paying his support obligations. The record does not establish that the employer encouraged appellant to retire, but the record does establish that the number of employees at the plant where appellant worked had decreased significantly after appellant's retirement. While the employee testified he was dissatisfied with his job and unable to do it properly, the Trial Court found against him on this issue. As to eligibility to retire, the appellant was fully eligible to retire when he retired, and was just a few months short of a traditional retirement age when he officially retired.

While we are constrained to agree with the Trial Court that appellant's health did not establish an objectively reasonable basis for retirement, we are of the opinion that "under the totality of the circumstances" appellant's retirement was "objectively reasonable".

As to appellant's ability to pay the periodic alimony previously ordered, the Trial Court found the appellant's testimony as to his financial condition not to be credible. The Court explained:

> Upon questioning the movant stated that the difference in what he made and what he was paying out was covered by his present wife, but those numbers do not add up. If you take her income and his income, it's still not enough to pay what he says . . . the monthly bills times 2, and pay the alimony. . . . This Court finds from the totality of the record that, in fact, the movant has the financial ability to pay the ordered, the agreed sum of spousal support.

In *Bowman v. Bowman*, 836 S.W.2d 563, 567 (Tenn. Ct. App. 1991), we said that credibility is an issue for the Trial Court who saw and heard the witnesses testify, and we defer to his determination of credibility. However, we said that if there is other credible evidence in the record, after discounting the witnesses' testimony, we are required to consider all credible evidence in the record to make findings on issues of fact. In this case, documentary evidence establishes appellant's retirement income. It is undisputed that the husband received an inheritance of $132,000.00 from his mother's estate in 2002. He testified that he had spent all of that inheritance, including paying two years of appellee's alimony. The Trial Court rejected the husband's explanation that he was borrowing funds from his wife to make up the deficits in his financial statement, since the wife's monthly income was $800.00 per month. As to the husband's inheritance, his testimony accounted for spending approximately $90,000.00 of that inheritance. He gave no creditable explanation of what happened to the remaining $42,000.00. Deferring to the Trial Judge on the credibility of appellant's oral testimony, the evidence establishes that the husband has not disposed of $42,000.00 of his inheritance, and has approximately $156,000.00 in his retirement account, plus his monthly income from social security. The evidence preponderates against the finding that appellant has the financial ability to continue to pay the alimony previously ordered.

Tenn. R. App. P. 13(d).

In establishing or adjusting alimony, the principal factors to consider are the ability of one to pay and the need of the other. *Bogan* further teaches that the Court should give the reduced ability of the retired obligor to pay support "at least equal consideration" with the need of the receiving spouse. *Id.* a 734. Taking into account the separate assets of each party, Tenn. Code Ann. § 36-5-101(E)(vii), and the relative need of appellee and the appellant's ability to pay, we conclude that the appellant's periodic alimony obligation should be reduced to $900.00 per month.

We reverse the Judgment of the Trial Court and remand, for the purpose of entering an Order as required herein for continuing the periodic alimony payments.

In our discretion, the cost of the appeal is assessed one-half to each party.

_____
HERSCHEL PICKENS FRANKS, P.J.